UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

LONI ANN GROVE,                          )
                                         )
                    Plaintiff,           )
                                         )
          vs.                            )
                                         )     No. 4:12-cv-00076-SEB-TAB
CAROLYN W. COLVIN Acting                 )
Commissioner of the Social Security      )
Administration,                          )
                                         )
                    Defendant.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of

Social Security ("Commissioner") finding Plaintiff Loni Ann Grove ("Ms. Grove") not entitled

to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to

the Social Security Act ("the Act"), 42 U.S.C. § 405(g), prior to April 28, 2011.  The

Administrative Law Judge ("ALJ") found that Ms. Grove was disabled as of April 28, 2011, and

entitled to SSI as of that date, but not before.[1]  This case was referred to Magistrate Judge Baker

for consideration.  On July 3, 2013, Magistrate Judge Baker issued a report and recommendation

that the Commissioner's decision be upheld because it was supported by substantial evidence

and was otherwise in accord with the law.  This cause is now before the Court on Plaintiff's

Objections to the Magistrate Judge's Report and Recommendation.

---

[1] Ms. Grove was not entitled to DIB because her date last insured was December 31, 2006, and she did not prove
that she was disabled by that date.  *See Shideler v. Astrue*, 688 F.3d 308, 311 (7th Cir. 2012) ("[W]hatever condition
the claimant may be in at his hearing, the claimant must establish that he was disabled before the expiration of his
insured status … to be eligible for disability insurance benefits.") (citations omitted).

Although not completely clear, Ms. Grove appears to argue that the Magistrate Judge's recommendations are in error because additional evidence submitted in connection with her briefs on the merits and further additional evidence submitted with her objections to the Magistrate Judge's Report require the Court to order a remand of this case under sentence six of 42 U.S.C. § 405(g) for consideration of new evidence.  The additional evidence Ms. Grove submitted to the Court is not part of the record for the purpose of our substantive review of the ALJ's decision, but rather can only be used to determine whether there are grounds for a sentence six remand.  *See* 42 U.S.C. § 405(g); *Wolfe v. Shalala*, 997 F.2d 321, 322 n.3 (7th Cir. 1993).  A sentence six remand is appropriate only if Ms. Groves can establish the evidence is new, material, and there is good cause to justify its not having been previously submitted.  *See* 42 U.S.C. § 405(g); *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997).

For the evidence to be considered material, there must be "a reasonable probability that the ALJ would have reached a different conclusion had the evidence been considered."  *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005) (internal quotation marks and citation omitted).  Here, there is no indication that the additional evidence submitted by Ms. Grove is material under this standard.  The Magistrate Judge properly addressed both items of additional evidence submitted by Ms. Grove as part of her briefing on the merits.  The first, a physical therapy report dated February 2, 2012, does not support Ms. Grove's claim that she was disabled prior to April 28, 2011, because it comes after the date on which the ALJ found Grove disabled and addresses her condition outside of the relevant time period.  Moreover, as Magistrate Judge Baker noted, all of the symptoms listed on that report were also contained in the record before the ALJ.  The second document that Ms. Grove references contains notes from her treating physician, Dr. Bower, and a Rehabilitation Discharge Summary from Dr. Shepard.  She contends that

2

Magistrate Judge Baker failed to address these notes in his Report, but in fact he did address them, correctly noting that the findings and symptoms set forth therein were identical to those included in other documents that had been reviewed by the ALJ.

Attached to her objections to the Magistrate Judge's Report, Ms. Grove submits another, new report of a CT scan of her pelvis and abdomen areas dated February 15, 2013 created by the physical therapy department of Indiana University Health.  Ms. Grove contends this scan shows calcifications in her neo-vagina that purportedly support her assertion that her surgeries caused her disabling pain during the relevant time period.  She has also submitted reports from physical therapist Nari K. Clemins taken sometime around August 2012 and thereafter, which she maintains establish her disability due to pain prior to April 28, 2011.  This newly-submitted evidence does not help her cause, however.  The CT scan is dated even later than the other documents she submitted with her merits briefs and is not relevant to the time period at issue.  Similarly, the Clemins physical therapy notes date from the period during which the ALJ found that Ms. Groves was disabled, thus failing to provide additional information regarding the period prior to April 28, 2011.

For these reasons, Ms. Grove has not established that any of the new evidence she has submitted is material, that is, that there exists a reasonable probability that had it been submitted the ALJ would have reached a different conclusion.  Accordingly, the Plaintiff's objections to the Magistrate Judge's well-reasoned Report are <u>OVERRULED</u> and we <u>ADOPT</u> the recommendations set forth in the Magistrate Judge's Report.

IT IS SO ORDERED.

Date:  _____08/26/2013_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

3

Distribution:

LONI ANN GROVE
9459 W. State Road 58
Norman, IN 47264

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov